PER CURIAM.
On April 3, 1964, appellee filed a motion to dismiss this cause on the ground, inter alia, that appellant failed to serve the record on appeal within the time prescribed by Rule 3.6, Florida Appellate Rules, 31 F.S. A., which motion by notice given April 13, 1964, is set to be heard on Tuesday, May 12, 1964. On April 27, 1964, appellant filed a motion to continue said hearing “to the next term of this court,” which we presume to mean to a subsequent hearing date, on the ground that counsel for appellant will not be able to appear in behalf of appellant because he will be engaged in trial matters from April 30, 1964, to June 1, 1964.
On April 2, 1964, we entered an order granting appellant’s motion, filed April 1, 1964, for a 15-day extension of time in which to file the main brief. The ground of said motion was that counsel for appellant was engaged in trial work which prevented him from completing the brief within the time prescribed by the rules. On April 3, 1964, appellee filed objection to said motion, but the same is moot by reason of our said order of April 2, 1964. It is evident, nevertheless, that appellee has a genuine and proper interest in the prosecution of this appeal to a conclusion without undue delay. Such is in keeping with the firm policy of this court and we dispose of appellant’s motion for continuance in that light. Incidentally, on April IS, 1964, counsel for appellant moved for an additional 20-day extension of time in which to file the main brief and as ground for the motion alleged that at all times subsequent to March 28, 1964, he had been “in Philadelphia, Pennsylvania, on the arraignment and trial of Bishop D. Ward Nicholas, and has been unable for said reason to complete said brief.” We granted said motion, the effect of which action is to extend the time for filing the brief to and including May 7, 1964, but not to prejudice appellee’s right to insist upon the pending motion to dismiss the appeal.
A careful examination of the record on appeal fails to disclose any technical or factual problem of sufficient depth to warrant extensive oral argument as an aid to the court in resolving appellee’s motion to dismiss; certainly none that could not have been and may yet be efficiently presented by an uncomplicated brief in resistance of the motion. Assuming appellant’s motion is otherwise meritorious, it is tardily presented under all the circumstances and no competent excuse is given for failure of counsel for appellant to submit a brief in resistance of appellee’s motion to dismiss in the interim between notice of the hearing (April 13) and the date fixed for the hearing (May 12). It must be assumed that counsel for appellant has at all times since the notice been aware of the conflict between the hearing date and the period required for trial of the undisclosed proceeding which is of such magnitude as to consume the entire month of May.
In numerous instances counsel confronted with a similar problem have associated counsel to appear at the hearing and present the argument. It appears obvious that an *830 attorney so busily occupied with trial matters as counsel for appellant may never 'find it convenient to appear in argument before an appellate court in which he has eschewed to represent a client no less deserving of his attention than one who has a trial of some sort in the offing. These considerations must be weighed by such an attorney when accepting employment and marshal-ling his work schedule.
The motion to extend the time of hearing is not well taken and an administrative order denying same will be entered.
STURGIS, C. J., and WIGGINTON and RAWLS, J., concur.